

Your Missouri Courts

Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess Logoff LWNELSEN47

19SL-CC01399 - MICHAEL RAY V AMERICAN AIRLINES, INC. (E-CASE)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: Descending Ascending

Display Options: All Entries

**04/03/2019**

**Judge Assigned**
DIV 7

**Pet Filed in Circuit Ct**
Petition For Damages.

**Notice to Take Deposition**
NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM.
**Filed By:** MAV HOOMAN MIRFASIHI

**Certificate of Service**
Certificate of Service.
**Filed By:** MAV HOOMAN MIRFASIHI
**On Behalf Of:** MICHAEL RAY

**Filing Info Sheet eFiling**
**Filed By:** MAV HOOMAN MIRFASIHI

**04/25/2019**

**Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO MISSING SERVICE FEES. SERVICE FEE = $36.00 PER DEFENDANT WITH A ST. LOUIS COUNTY ADDRESS. PLEASE E-FILE A SERVICE MEMO WITH THE MISSING SERVICE FEES ATTACHED.

**05/02/2019**

**Memorandum Filed**
Letter Requesting Summons be issued.
**Filed By:** MAV HOOMAN MIRFASIHI
**On Behalf Of:** MICHAEL RAY

**Note to Clerk eFiling**
**Filed By:** MAV HOOMAN MIRFASIHI

**05/06/2019**

**Summons Issued-Circuit**
Document ID: 19-SMCC-3970, for AMERICAN AIRLINES, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**05/15/2019**

**Agent Served**
Document ID - 19-SMCC-3970; Served To - AMERICAN AIRLINES, INC.; Server - CT CORP; Served Date - 15-MAY-19; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

**19SL-CC01399**

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## AT CLAYTON

MICHAEL RAY              )
10760 S. Palisade St.      )
Olathe, KS 66061,       )
                           )
          Plaintiff,     )
                           )
vs.                       )     CASE NO.
                           )
AMERICAN AIRLINES, INC. )
Serve Registered Agent:   )
CT Corporation Systems   )
120 South Central Ave.    )
Clayton, Missouri 63105   )
                           )
          Defendant.    )

### PETITION FOR DAMAGES

Michael Ray, hereinafter Plaintiff, by and through his undersigned counsel, and

for his cause of action states:

1.     Plaintiff is a resident of Johnson County, Kansas.

2.     American Airlines, Inc., hereinafter Defendant, was and is at all times

material hereto a Texas corporation doing business in St. Louis and Platte County,

Missouri.

3.     Defendant's registered agent is CT Corporation Systems, located at 120

South Central Avenue, Clayton, Missouri 63105.

4.     All employees and/or agents of Defendant at all time material hereto were

working within the course and scope of their employment/agency and in furtherance of

Defendant's business.

5.     Defendant is responsible for the acts of its employees and/or agents.

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

6.     Defendant and its employees and/or agents have a duty to exercise the highest degree of care to protect theirs passengers from all dangers that are known or by the exercise of the highest degree of care ought to be known.

## COUNT I – PREMISES LIABILITY

Plaintiff Michael Ray, by and through his undersigned counsel, and for Count I of his cause of action states:

7.     Paragraphs 1, 2, 3, 4, 5, and 6 of Count I of his Petition for Damages are incorporated herein by reference.

8.     On or about July 28, 2017, Plaintiff was a passenger on a common-carrier, aircraft owned, operated, and/or controlled by Defendant.

9.     On or about July 28, 2017, Defendant had a duty to make its aircraft reasonably safe.

10.     On or about July 28, 2017, during takeoff in Charlotte, North Carolina, the overhead luggage-compartment in Defendant's aircraft suddenly dropped open and a luggage carrier fell out striking Plaintiff in the head, who was sitting underneath.

11.     On or about July 28, 2017, Defendant's aircraft was not reasonably safe because the overhead luggage-compartment that dropped open was not adequately secured allowing it to fall and cause injury to occupiers of the aircraft.

12.     On or about July 28, 2017, Defendant knew or by using the highest degree of care should have known of the unsafe condition of the unsecure overhead luggage-compartment.

13.     On or about July 28, 2017, Defendant failed to use the highest degree of care by:

2

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

    a.  failing to inspect the overhead luggage-compartment; or

    b.  failing to repair the overhead luggage-compartment; or

    c.  failing to remove excessive luggage from the overhead luggage-compartment; or

    d.  failing to remove the overhead luggage-compartment; or

    e.  failing to secure the luggage in the overhead luggage-compartment; or

    f.  failing to secure the overhead luggage-compartment; or

    g.  failing to warn of the unsafe condition of the overhead luggage-compartment.

14.    As a direct and proximate result of Defendant's failure to use the highest degree and/or ordinary care as enumerated in paragraph (a) through (g) Plaintiff suffered severe and continuing injuries of a permanent and progressive nature, including but not limited to, closed head trauma, chronic cervicothoracic sprain/strain injury and contusion, and central vestibular dysfunction, post traumatic headaches, reactive psychiatric diagnosis, pain, suffering, mental anguish and loss of enjoyment of life.  Said injures have in the past and will in the future cause medical bills and lost income.

WHEREFORE, Plaintiff prays for actual damages against Defendant in excess of $25,000.00, prejudgment interest, for costs, including the expenses of depositions, process server, filing fee, and for such further relief as is just.

## COUNT II – NEGLIGENCE

Plaintiff Michael Ray, by and through his undersigned counsel, and for Count II of his cause of action states:

Electronically Filed - St. Louis County - April 03, 2019 - 12:55 PM

15.     Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of Count I of his Petition for Damages are incorporated herein by reference.

16.     On or about July 28, 2017, Defendant was negligent in the following regards:

a.  causing a luggage carrier to fall from the overhead luggage-compartment, or

b.  failing to inspect the overhead luggage compartment; or

d.  failing to secure the overhead luggage compartment; or

e.  failing to remove excessive luggage from the overhead luggage compartment; or

f.  failing to remove the overhead luggage compartment; or

e.  training its employees to secure the overhead luggage-compartment; or

f.   adequately screening employees prior to hiring for the position, to assure the employees' fitness for the job; or

g.  operating the aircraft in an unsafe condition; or

h.  failing to warn passengers of the unsafe condition.

17.     As a direct and proximate result of Defendant's negligence Plaintiff suffered severe and continuing injuries of a permanent and progressive nature including but not limited to, closed head trauma, chronic cervicothoracic sprain/strain injury and contusion, central vestibular dysfunction, post traumatic headaches, reactive psychiatric diagnosis, pain, suffering, mental anguish and loss of enjoyment of life.  Said injuries have in the past and will in the future cause medical bills and lost income.

Notice of Removal, Exhibit A, p. 5
Ray v. American Airlines, Inc.

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

WHEREFORE, Plaintiff prays for actual damages against Defendant in excess of $25,000.00, prejudgment interest, for costs, including the expenses of depositions, process server, filing fee, and for such further relief as is just.

## COUNT III – RES IPSA LOQUITOR

Plaintiff Michael Ray, by and through his undersigned counsel, and for Count III of his cause of action states:

18.     Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of Count II of his Petition for Damages are incorporated herein by reference.

19.     Plaintiff's injury is the type that ordinarily would not have occurred without the presence of negligence.

20.     The overhead luggage-compartment on the aircraft was within the exclusive control of Defendant and its employees and/or agents on July 28, 2017.

21.     The overhead luggage-compartment dropped open causing a luggage carrier to fall and strike Plaintiff in the head without warning.

22.     Had Defendant used proper care in maintaining and operating the aircraft, and the aforementioned overhead luggage-compartment, the incident referred to in this Petition For Damages would not have occurred.

23.     Plaintiff did not do anything to cause the overhead luggage-compartment to drop open and the luggage carrier to fall out, and nor did he do anything to cause his injuries claimed in this Petition For Damages.

Notice of Removal, Exhibit A, p. 6
Ray v. American Airlines, Inc.

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

24.     As a direct and proximate result of Defendant's negligence Plaintiff suffered severe and continuing injuries of a permanent and progressive nature including but not limited to, closed head trauma, chronic cervicothoracic sprain/strain injury and contusion, central vestibular dysfunction, post traumatic headaches, reactive psychiatric diagnosis, pain, suffering, mental anguish and loss of enjoyment of life.  Said injuries have in the past and will in the future cause medical bills and lost income.

WHEREFORE, Plaintiff prays for actual damages against Defendant in excess of $25,000.00, prejudgment interest, for costs, including the expenses of depositions, process server, filing fee, and for such further relief as is just.

Respectfully submitted,

MIRFASIHI LAW OFFICES


By: */s/ Mav Mirfasihi*              .
Mav Mirfasihi          MO # 56368
327 Armour Road
Kansas City, MO 64116
T: (816) 802-8200 F: (816) 802-8201
Email: Mav@mirfasihilaw.com

ATTORNEYS FOR PLAINTIFF

Notice of Removal, Exhibit A, p. 7
Ray v. American Airlines, Inc.

**19SL-CC01399**

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## AT CLAYTON

| | | |
|---|---|---|
| MICHAEL RAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM

YOU ARE HEREBY NOTIFIED THAT pursuant to Rule 57.03(b)(4) the deposition of the designated spokesman for American Airlines, Inc, hereinafter Defendant, will be taken forty-six (46) days from the date of service and that the deposition will be at Mirfasihi Law Offices, 327 Armour Road, Kansas City, Missouri 64116, at 10:00 a.m. until 6:00 p.m. on that day, said deposition will continue from day to day, at the same place and between the same hours, until completed.

Plaintiffs' counsel will depose the designated spokesman for Defendant about the following issues and who's required to produce at the deposition the following items:

(1)     All written protocols, policies, procedures, and/or safety manuals that were in effect on July 28, 2017, outlining procedures Defendant's employees must follow in securing the aircraft cabin and/or overhead luggage-compartments prior to takeoff.

(2)     All statements, recordings, transcripts, photos and videos of Plaintiff from July 28, 2017, to present and continuing until completion of trial.

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

(3)      The flight itinerary for American Airlines flight No. 1906 G, on July 28,

2017, from Philadelphia to Kansas City International airport

(4)      The diagram of the aircraft cabin showing Plaintiff's seat and all the seats

on American Airlines flight No. 1906 G, on July 28, 2017.

(5)      All manuals, written instructions, warnings, or procedures that were

provided with the purchase of the subject aircraft.

(6)      The certification history of the aircraft, but not limited to the dates and test

results of all developmental ground tests and developmental flight tests.

(7)      All plans, proposals, recommendations, and suggestions for the repair,

alteration, or modification to the subject aircraft's overhead luggage-compartments prior

to July 28, 2017, and the name of all persons, companies, or entities involved therein.

(8)      All plans, proposals, recommendations, and suggestions for the repair,

alteration, or modification to the subject aircraft's overhead luggage-compartments after

July 28, 2017, and the name of all persons, companies, or entities involved therein.

(9)      The aircraft type, model, and the year built for flight No. 1906 G, on July

28, 2017.

(10)     Overhead luggage-compartment safety, care, maintenance, and limits.

(11)     Injuries on the aircraft.

(12)      If Defendant disputes that the overhead luggage-compartment on its

aircraft dropped open and a luggage carrier fell out striking Plaintiff on the head, then the

names, addresses, and phone numbers for all individuals sitting in Plaintiff's row, to his

right and left side, four rows back and four rows in front from Plaintiff's seat, and exact

seat numbers for those individuals.

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

(13)    The name, address, employer, job title, date of hire, and date of separation (if no longer employed) of the entire flight crew for flight No. 1906 G, on July 28, 2017, from Charlotte to Kansas City.

(14)    The names of the flight crew specifically in charge of securing the cabin for the entire aircraft and specifically the part of the cabin where Plaintiff was sitting prior to takeoff from Charlotte for flight No. 1906 G, on July 28, 2017.

(15)    Any witnesses to the occurrence alleged in Plaintiff's Petition.

(16)    Past claims of negligence made or filed against this Defendant for alleged injuries caused by falling luggage from overhead compartments, for the limited time period of July 28, 2012 to July 28, 2017, limited to the geographic area of Pennsylvania, North Carolina, and Missouri, last known address of the attorney for the clamant or if unrepresented then the name and address of the claimant.

(17)    Defendant's corporate structure, locations of operation, and types of operation.

(18)    Performance and duties of entire flight crew for flight No. 1906 G, on July 28, 2017.

(19)    All manuals, written instructions, warnings, or procedures that were provided with the purchase of the subject aircraft.

(20)    The certification history of the aircraft, but not limited to the dates and test results of all developmental ground tests and developmental flight tests.

(21)    All individuals involved in and responsible for the design, testing, and certification of the subject aircraft.

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

(22)    All repairs, alterations, or modifications to the subject aircraft's overhead luggage-compartments prior to July 28, 2017, and the name and address of the person, company, or entity performing such work.

(23)    All repairs, alterations, or modifications to the subject aircraft's overhead luggage-compartments after July 28, 2017, and the name and address of the person, company, or entity performing such work.

(24)    All plans, proposals, recommendations, and suggestions for the repair, alteration, or modification to the subject aircraft's overhead luggage-compartments prior to July 28, 2017, and the name of all persons, companies, or entities involved therein.

(25)    All plans, proposals, recommendations, and suggestions for the repair, alteration, or modification to the subject aircraft's overhead luggage-compartments after July 28, 2017, and the name of all persons, companies, or entities involved therein.

Respectfully submitted,

MIRFASIHI LAW OFFICES


By: */s/ Mav Mirfasihi_____.*
Mav Mirfasihi          MO # 56368
327 Armour Road
Kansas City, MO 64116
T: (816) 802-8200 F: (816) 802-8201
Email: Mav@mirfasihilaw.com

ATTORNEYS FOR PLAINTIFF

**19SL-CC01399**

Electronically Filed - St Louis County - April 03, 2019 - 12:55 PM

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
### AT CLAYTON

| | | |
|---|---|---|
| MICHAEL RAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### <u>CERTIFICATE OF SERVICE</u>

Plaintiff, Michael Ray, by and through his undersigned counsel certifies that an original and

one copy, and a compact disk (CD) in Microsoft Word format of Plaintiff's First Interrogatories to

Defendant and Plaintiff's First Request for Production of Documents to Defendant were served with

the Petition for Damages, Notice of Deposition and Subpoena Duces Tecum, and Summons.

Respectfully submitted,

MIRFASIHI LAW OFFICES

By: */s/ Mav Mirfasihi                 .*
Mav Mirfasihi          MO # 56368
327 Armour Road
Kansas City, MO 64116
T: (816) 802-8200 F: (816) 802-8201
Email: Mav@mirfasihilaw.com

ATTORNEYS FOR PLAINTIFF

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## AT CLAYTON

MICHAEL RAY                          )
                                     )
          Plaintiff,                )
                                     )
vs.                                  )        CASE NO.  19SL-CC01399
                                     )
AMERICAN AIRLINES, INC.              )
                                     )
          Defendant.                )

### FIRST INTERROGATORIES TO DEFENDANT

       Plaintiff, Michael Ray, by and through his undersigned counsel propounds these interrogatories to be answered in writing and under oath, within forty-six (46) days after service of the suit papers upon Defendant, American Airlines, Inc.  These interrogatories are deemed to be continuing in nature and at any time prior to or during trial Defendant is requested to supplement or amend his answers to these interrogatories if additional information should become known to Defendant which makes previous answers to these interrogatories inaccurate or incomplete.

### INSTRUCTIONS

       If the answer to any interrogatory identifies any document (as herein identified) in the possession, custody and/or control of Defendant, Plaintiff hereby requests that each such document either be attached to the answers to these interrogatories or be made available for inspection and copying on or before forty-six (46) days from service hereof at the office of Plaintiff's counsel beginning at 9:30 a.m. or at some other mutually agreeable time and location.

The following terms, when used in these interrogatories, are defined to mean:

a)      "Identify" a document or writing is defined to mean a request for a designation of each such item mentioned or covered by the interrogatory, whether or not such item is in the possession, custody, and/or control of Defendant, including a general description of its nature, its present location, the name and address of its custodian, the names of the writers and recipients, and the title and subject matter.

b)      "Identify" a person or employee is defined to mean a request for a full name, residence address, and if applicable, business address, job title, and a description of job responsibilities.  If an interrogatory asks for the identification of a person or employee who has already been completely identified in an answer to a previous interrogatory, only the name of the person or employee need be given in answer to the latter interrogatory.

c)      "Document" is defined to mean all written, printed, typed, microfilmed, and recorded communication or conversation lists, records, charts, transcribed telephonic communications, correspondence, pamphlets, notes, books, digests, logs, calendars, computer printouts, and/or machine-recorded source documents from which these are or may be produced, photographs, tape-recordings, and any and all copies thereof which provide, state detail, described, denote, list or explain any of the information requested.

d)      "You" and "Your" shall mean any party to whom these interrogatories are directed and, when not negated by the context, shall also mean each and every officer, employee, attorney, or agent of the party to whom these interrogatories are directed who presently hold such a position or had held such a position at any time during the period covered by this request.

2

e)      If any interrogatory is answered by reference to a group of documents, with respect to each interrogatory answer, identify the specific document or documents containing the requested information and, if such information is contained in any document exceeding one page in length, include in your identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to is in said interrogatory and as in your answer thereto appears.

f)      If any information or document, which is responsive to any of the following interrogatories is withheld under any claim of privilege, Defendant shall include in its response to these interrogatories a written list or description of such information or document(s) being withheld.  The following shall be included with regard to information being withheld:  1) a statement of the ground(s) upon which such information is considered to be privileged from production; and (2) the interrogatory(ies) to which the information would have been responsive.  With regard to documents upon which a privileged claim is based, the following shall be included:  (1) its date; (2) the name(s) of the person(s) who drafted, authored, or prepared it; (3) its title; (4) the name(s) of the person(s) to whom it was addressed; (5) the name(s) of each person(s) to whom the document, its contents, or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; (6) the name(s) of the person(s) who requested that the document be prepared, if any; (7) the purpose(s) for which the documents were prepared; (8) a statement of the ground(s) upon which each such document is considered to be privileged from production; and (9) the interrogatory(ies) to which the document would have been responsive.

3

g)     If, in answering any interrogatory, you avail yourself of the option to produce business records, please describe, in sufficient detail to permit a determination as to whether the burden of deriving or ascertaining the answer to the interrogatory is substantially the same on Plaintiff as on Defendant and the extent to which such business records and any other pertinent information were reviewed in preparing the answer or on any other occasion.

In specifying business records, please specify the document or documents upon which the answer may be derived or ascertained:

1. If the answer is contained in any document exceeding one page in length, please specify the page or pages and the line or lines thereof which contain the requested information; and

2. Please describe each document which is being specified in sufficient detail to permit a determination as to whether the document actually is a "business record."

### INTERROGATORIES TO DEFENDANT

**INTERROGATORY 1.**     List the flight itinerary for American Airlines flight No. 1906 G, on July 28, 2017, from Philadelphia to Kansas City International airport, which includes any layovers, location of any layovers, all estimated arrival and departing times, and actual arrival and departing times on that day.

**ANSWER:**

**INTERROGATORY 2.**     List the aircraft type, model, and the year built for flight No. 1906 G, on July 28, 2017.

**ANSWER:**

4

**INTERROGATORY 3.** Give the exact location of Plaintiff's seat and list his seat number for flight No. 1906 G, on July 28, 2017.

    **ANSWER:**

**INTERROGATORY 4.** Was Plaintiff's seat number ever changed for any reason on July 28, 2017.

    **ANSWER:**

**INTERROGATORY 5.** Was Plaintiff's seat next to or closes to the aisle.

    **ANSWER:**

**INTERROGATORY 6.** Does Defendant dispute that the overhead luggage-compartment on its aircraft dropped open and a luggage carrier fell out striking Plaintiff on the head on July 28, 2017, during takeoff in Charlotte North Carolina.

    **ANSWER:**

**INTERROGATORY 7.** If Defendant disputes Interrogatory No. 6, that the overhead luggage-compartment on its aircraft dropped open and a luggage carrier fell out striking Plaintiff on the head, then please provide the names, addresses, and phone numbers for all individuals sitting in Plaintiff's row, to his right and left side, and four rows back and four rows in front from Plaintiff's seat.

    **ANSWER:**

**INTERROGATORY 8.** List the name, address, employer, job title, date of hire, and date of separation (if no longer employed) of the entire flight crew for flight No. 1906 G, on July 28, 2017, from Charlotte to Kansas City.

    **ANSWER:**

**INTERROGATORY 9.**     List the names of the flight crew specifically in charge of securing the cabin for the entire aircraft and specifically the part of the cabin where Plaintiff was sitting prior to takeoff from Charlotte for flight No. 1906 G, on July 28, 2017.

    **ANSWER:**

**INTERROGATORY 10.**     State the name, title, and address of each person giving any statements, written, recorded or stenographic to anyone concerning the occurrence described in the Petition and the date each statement was given.

    **ANSWER:**

**INTERROGATORY 11.**     State the name, present or last known addresses and employment of all persons known to you or reported to you, your attorneys, agents, or any other representatives acting on your behalf:

        a)    To have witnessed the occurrence mentioned in the pleading:

        b)    To have been present at the scene of the occurrence within thirty (30) minutes thereafter.

        c)    If any of the above witnesses are an employee and or agent of the defendant please indicate.

    **ANSWER:**

**INTERROGATORY 12.**     Do you have any insurance agreements which will indemnify you, in whole or in part, against any judgment Plaintiff may obtain in the instant action? Yes ( ) No ( ). If your answer is "Yes" state:

        (a)    The name and address of the company or companies issuing such insurance agreements:

<div align="center">6</div>

 (b) The policy number(s);

 (c) The limits of personal injury, property damage and medical payments coverage on the date of the occurrence mentioned in Plaintiffs' Petition;

 (d) Attach a copy of the declaration page or certificate of coverage of each such policy of insurance to your answers to these interrogatories.

**INTERROGATORY 13.** Within twelve (12) hours prior to the accident did any of the employees of this Defendant who had been working at or near the scene of Plaintiff's injury consume any alcoholic beverages or drugs whether prescription or otherwise? If so, describe what and the amount.

 **ANSWER:**

**INTERROGATORY 14.** Identify each person whom you expect to call as an expert witness at trial listing their name, present business and home addresses and telephone numbers.

 (a) State the general nature of the subject matter on which the expert is expected to testify, and

 (b) State the expert's deposition and trial testimony fees.

 **ANSWER:**

**INTERROGATORY 15.** Give a general description of any photographs or videos of any person or objects (e.g., aircraft cabin, luggage carrier(s), Michael Ray, etc.) that were taken July 28, 2017, which related in whole or in part to the occurrence described in the Petition.

**ANSWER:**

**INTERROGATORY 16.**     For each claim of negligence made or filed against this

Defendant for alleged injuries caused by falling luggage from overhead compartments,

for the limited time period of July 28, 2012 to July 28, 2017, limited to the geographic

area of Pennsylvania, North Carolina, and Missouri, last known address of the attorney

for the claimant or if unrepresented then the name and address of the claimant.

**ANSWER:**

**INTERROGATORY 17.**     State the identity of each person with knowledge of facts

or information which Defendant claims refutes in any way the allegations in Plaintiff's

Petition.

**ANSWER:**

**INTERROGATORY 18.**     For each person identified in response to Interrogatory No.

17, please provide a summary of the facts or information in his or her possession

allegedly refuting in any way the allegations in the Petition.

**ANSWER:**

**INTERROGATORY 19.**     Were you sued in your correct legal name?  If no, please

state your correct legal name, address if a corporation, the state of incorporation, date of

incorporation and registered agent.

**ANSWER:**

**INTERROGATORY 20.**     Is American Airlines, Inc., a corporation authorized to

transact business in the state of Missouri?

**ANSWER:**

8

**INTERROGATORY 21.**      Do you have any documentary evidence which you know of, which you claim is relevant to any issue in this case?  If so, please list each item you claim is relevant and produce a copy of the item.

      **ANSWER:**

**INTERROGATORY 22.**      Was the entire flight crew for flight No. 1906 G, on July 28, 2017, at or near the time of Plaintiff's injury, performing their duties within the scope of their employment and/or agency of Defendant.

      **ANSWER:**

**INTERROGATORY 23.**      Please state what, if anything, plaintiff said to Defendant, its employees, its agents, and other persons about the occurrence mentioned in Plaintiff's Petition concerning how the occurrence happened and what injuries plaintiff suffered

      **ANSWER:**

**INTERROGATORY 24.**      Please identify each non-retained expert witness, including defendant, whom you expect to call at trial who may provide expert witness opinion testimony. Please provide the expert's name, address and field of expertise.

      **ANSWER:**

**INTERROGATORY 25.**      Indicate the kind of business Defendant is engaged in, and whether it classifies itself as a common carrier of passengers from one geographic area to another for monetary profit.

      **ANSWER:**

**INTERROGATORY 26.**      Please describe and provide any and all manuals, written instructions, warnings, or procedures that were provided with the purchase of the subject aircraft.

9

**ANSWER:**

**INTERROGATORY 27.**     Please describe and provide the certification history of the aircraft, but not limited to the dates and test results of all developmental ground tests and developmental flight tests.

**ANSWER:**

**INTERROGATORY 28.**     Please identify any and all individuals involved in and responsible for the design, testing, and certification of the subject aircraft.

**ANSWER:**

**INTERROGATORY 29.**     Please identify any and all individuals who were involved in the investigation, if any, as a result of Plaintiff's injury.

**ANSWER:**

**INTERROGATORY 30.**     Please identify all repairs, alterations, or modifications to the subject aircraft's overhead luggage-compartments prior to July 28, 2017, and the name and address of the person, company, or entity performing such work.

**ANSWER:**

**INTERROGATORY 31.**     Please identify all repairs, alterations, or modifications to the subject aircraft's overhead luggage-compartments after July 28, 2017, and the name and address of the person, company, or entity performing such work.

**ANSWER:**

10

**INTERROGATORY 32.**     Please identify all plans, proposals, recommendations, and suggestions for the repair, alteration, or modification to the subject aircraft's overhead luggage-compartments prior to July 28, 2017, and the name of all persons, companies, or entities involved therein.

      **ANSWER:**

**INTERROGATORY 33.**     Please identify all plans, proposals, recommendations, and suggestions for the repair, alteration, or modification to the subject aircraft's overhead luggage-compartments after July 28, 2017, and the name of all persons, companies, or entities involved therein.

      **ANSWER:**

**INTERROGATORY 34.**     Please state the name, title, position of authority, address and telephone number of the person or persons answering each of these interrogatories on behalf of Defendant.

      **ANSWER:**

              Respectfully submitted,

              MIRFASIHI LAW OFFICES

    **By:** _____
              Mav Mirfasihi            MO # 56368
              327 Armour Road
              Kansas City, MO 64116
              T: (816) 802-8200 F: (816) 802-8201
              Email: Mav@mirfasihilaw.com

              ATTORNEYS FOR PLAINTIFF

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## AT CLAYTON

MICHAEL RAY                           )
                                      )
                 Plaintiff,           )
                                      )
vs.                                   )        CASE NO.  19SL-CC01399
                                      )
AMERICAN AIRLINES, INC.               )
                                      )
                 Defendant.           )

### PLAINTIFF'S FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

Plaintiff, Michael Ray, by and through his undersigned counsel requests that each

document requested herein, whether in Defendant, American Airlines, Inc.'s, possession,

custody or control or that Defendant has a right to obtain and can reasonably bring into its

possession, either be attached hereto or be made available by Defendant's attorney for

inspection and copying at Mirfasihi Law Offices, 327 Armour Road, Kansas City,

Missouri 64116, within forty-six (46) days from service hereof.

These requests are continuing, and require supplemental answers upon discovery

of any additional responsive information.  In the event that any responsive material is not

furnished in response to these requests, Plaintiff shall move for exclusion thereof at the

time of trial, or shall seek a continuance in order to conduct any needed factual

investigation.

### DEFINITIONS AND INSTRUCTIONS

This request is intended to cover all documents in your possession or control, or

subject to your control, wherever located.

The words **"Document"** and **"Documents"** mean (but is not limited to) all

written, recorded, or graphic matters, however produced or reproduced, whether or not

privileged, pertaining in any way to the subject matter of this action.  This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, other graphic, symbolic recorded or written materials of any nature whatsoever, mortgages, notes, and bank records.  Any document which contains any comment, notation, addition, insertion or marking of any kind which IS NOT of another document is to be considered a separate document.

In each instance wherein you are asked to **"identify"** or describe a document, your description should include, but not be limited to:

(1) The name, address, telephone number, occupation, job title and employer of the present custodian of the document;

(2) The fact or facts which would tend to be established by the introduction into evidence of each such document;

(3) The date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence; and

(4) If any such document was, but is no longer in your possession, custody or subject to your control, or is no longer in existence, state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or

2

involuntarily, to others; or (d) has been otherwise disposed of, and in each instance, explain the circumstances surrounding the reason for such disposition thereof. If the document has been destroyed, identify each and every person who destroyed, or participated in, or ordered or suggested the destruction of the document, and state the date or approximate date thereof.

If any requested document cannot be produced in full, produce to the extent possible, indicating what document or portion of documents is being withheld and the reason said document is being withheld.

If you claim that the attorney-client privilege or any other privilege is applicable to any document the identification of which is sought by the interrogatories, the substance of that document need not be disclosed in your answers to these interrogatories, but you shall with respect to that document:

(a) State the date of the document;

(b) Identify each and every author of the document;

(c) Identify each and every other person who prepared or participated in the preparation of the document;

(d) Identify each and every person who received the document;

(e) Identify each and every person from whom the document was received;

(f) State the present location of the document and all copies thereof;

(g) Identify each and every person having custody or control of the document and all copies thereof; and

3

(h) Provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege and to permit the adjudication of the propriety of that claim.

## DESCRIPTION OF DOCUMENTS

**REQUEST NO 1.**     A certified copy of the declaration page of all liability insurance for this Defendant which applies to the allegations in the Petition for Damages.

**RESPONSE:**

**REQUEST NO 2.**     All statements, recordings, transcripts, photos and videos of Plaintiff from July 28, 2017, to present and continuing until completion of trial.

**RESPONSE:**

**REQUEST NO 3.**     All photos and/or videos in the possession of this party or its counsel taken between July 28, 2017 until present which show in whole or in part the condition of the parties, the condition of the aircraft cabin and aircraft overhead luggage-compartment.

**RESPONSE:**

**REQUEST NO 4.**     The resume or curriculum vitae for each expert to be called as a witness at trial.

**RESPONSE:**

**REQUEST NO 5.**     The written reports of each expert to be called as a witness at trial.

**RESPONSE:**

4

**REQUEST NO 6.**     The notes, measurements, correspondence, tests, data, and memos pertaining to the July 28, 2017 injury, from or by each expert to be called as a witness at trial.

**RESPONSE:**

**REQUEST NO 7.**     All statements in Defendant's possession given by anyone.

**RESPONSE:**

**REQUEST NO 8.**     The flight itinerary for American Airlines flight No. 1906 G, on July 28, 2017, from Philadelphia to Kansas City International airport

**RESPONSE:**

**REQUEST NO 9.**     The diagram of the aircraft cabin showing all the seats on American Airlines flight No. 1906 G, on July 28, 2017.

**RESPONSE:**

**REQUEST NO 10.**     The diagram of the aircraft cabin showing all the overhead luggage-compartments on American Airlines flight No. 1906 G, on July 28, 2017.

**RESPONSE:**

**REQUEST NO 11.**     Any and all manuals, written instructions, warnings, or procedures that were provided with the purchase of the subject aircraft.

**RESPONSE:**

**REQUEST NO 12.**     The certification history of the aircraft, but not limited to the dates and test results of all developmental ground tests and developmental flight tests.

**RESPONSE:**

**REQUEST NO 13.**    All plans, proposals, recommendations, and suggestions for the repair, alteration, or modification to the subject aircraft's overhead luggage-compartments prior to July 28, 2017, and the name of all persons, companies, or entities involved therein.

**RESPONSE:**

**REQUEST NO 14.**    All plans, proposals, recommendations, and suggestions for the repair, alteration, or modification to the subject aircraft's overhead luggage-compartments after July 28, 2017, and the name of all persons, companies, or entities involved therein.

**RESPONSE:**

**REQUEST NO 15.**    Any documents to which you made reference to in preparing your Answers to Interrogatories numbered 1 through 34.

**RESPONSE:**

Respectfully submitted,

MIRFASIHI LAW OFFICES

By: _____

Mav Mirfasihi                      MO # 56368
327 Armour Road
Kansas City, MO 64116
T: (816) 802-8200 F: (816) 802-8201
Email: Mav@mirfasihilaw.com

ATTORNEYS FOR PLAINTIFF

6



Electronically Filed - St Louis County - May 02, 2019 - 11:20 AM

ATTORNEYS:
Mav H. Mirfasihi
Devin P. Mirfasihi

May 2, 2019

To: St. Louis County Circuit Court Clerk

Re:   My File:  7-H
My Client: Michael Ray
Case: Michael Ray v. American Airlines, Inc.
Case No:  19SL-CC01399

Dear Friend:

At the time of this filing please find the $36.00 service fee for defendant, American Airlines. Please issue a Summons for the following defendant:

American Airlines, Inc.
Service Registered Agent:
CT Corporation Systems
120 South Central Ave.
Clayton, MO 63105

The service packet is to be served by the Sheriff of St. Louis County once we receive the Summons and we send the packet to the Sheriff.

Best personal regards,

Samantha Campbell

:sgc

Mirfasihilawoffices.com      327 Armour Rd., North Kansas City, MO 64116      Tel (816) 802-8200      Fax (816) 802-8201

M



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number:  19SL-CC01399 | **SHERIFF FEE PAID** |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL RAY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAV HOOMAN MIRFASIHI<br>215 EAST 20TH STREET<br>KANSAS CITY, MO  64108 | |
| Defendant/Respondent:<br>AMERICAN AIRLINES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  AMERICAN AIRLINES, INC.
   Alias:

CT CORPORATION SYSTEMS
120 SOUTH CENTRAL AVE
CLAYTON, MO  63105

***COURT SEAL OF***



***ST. LOUIS COUNTY***

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

06-MAY-2019
   **Date**                                                                      **Clerk**

Further Information:
GB

---

**Sheriff's or Server's Return**

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                              Date                                              Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00    |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 19-SMCC-3970**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                            54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Notice of Removal, Exhibit A, p. 31
Ray v. American Airlines, Inc.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

Notice of Removal, Exhibit A, p. 32
Ray v. American Airlines, Inc.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Notice of Removal, Exhibit A, p. 33
Ray v. American Airlines, Inc.



*Return*


SB
6-5

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | **Case Number:** 19SL-CC01399 |
| Plaintiff's/Petitioner:<br>MICHAEL RAY                                    vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAV HOOMAN MIRFASIHI<br>215 EAST 20TH STREET<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>AMERICAN AIRLINES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

**SHERIFF FEE PAID**

**FILED**

MAY 16 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

### Summons in Civil Case

**The State of Missouri to:** AMERICAN AIRLINES, INC.
Alias:

CT CORPORATION SYSTEMS
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

06-MAY-2019
Date

_____ Clerk

Further Information:
GB

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
**LCW – B. LOVE** _____ (name) **INTAKE SPECIALIST** _____ (title).

☐ other _____ (address)
Served at **CT CORPORATION**
in **St. Louis County** (County/City of St. Louis), MO, on **MAY 15 2019** (date) at **9 A.M** (time).

*Tiffany Mooney*
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
_____ (date).

(Seal)                    Subscribed and sworn to before me on _____

My commission expires: _____
Date                                          Notary Public

RECEIVED MAY 10 2019
ST. LOUIS COUNTY SHERIFF'S OFFICE
2019 MAY -9 PM 12:25

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID#** 19-SMCC-3970     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo